# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 09-07483 MMM (CWx) |
| Date | May 10, 2011 |

Title  *Yoon Chul Yoo v. Matthew Arnold and Dark Hall Productions, LLC*

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  **Order Dismissing Action for Lack of Prosecution**

On October 15, 2009, Yoon Chul Yoo, on behalf of himself and similarly situated investors, commenced this action against Matthew Arnold, Dark Hall Productions, LLC and certain fictitious defendants. Plaintiff alleges claims for breach of contract, conversion, negligence, and abuse of process based on investments he and others made in a feature film that was to be produced by defendants. On October 29, 2009, Arnold and Dark Hall filed an answer that included counterclaims against Yoo for fraud, conversion, breach of oral contract, promissory estoppel, breach of written contract, and unjust enrichment.

On August 26, 2010, plaintiff's former counsel, Baute & Tidus LLP ("B&T"), filed a motion seeking to withdraw as Yoo's counsel due to Yoo's failure to communicate with B&T or pay the firm's fees. Yoo did not object and on October 25, 2010, the court granted B&T's motion. On November 22, 2010, Yoo sought leave to substitute Alan W. Forsley of Fredman Knupfer Lieberman LLP ("FKL") as his attorney; the court granted this request on November 23, 2010. On March 23, 2011, FKL filed a motion seeking leave to withdraw as Yoo's counsel for the same reasons as B&T previously. The court issued an order directing plaintiff and defendants to file any opposition to the motion by April 1, 2011, and requiring FKL to serve a copy of the order on Yoo by hand, fax, or email delivery no later than Friday, March 25, 2011. When plaintiff failed to oppose, the court granted FKL's motion to withdraw.

Given plaintiff's failure to participate in the prosecution of this action for almost a year, the court issued an order to show cause why this action should not be dismissed for lack of prosecution. Plaintiff's deadline to respond to the order was May 2, 2011. To date, plaintiff has not responded to the order to show cause and has not designated a new counsel to represent him.

# I. DISCUSSION

Rule 41(b) permits courts to dismiss an action *sua sponte* for failure to comply with a court order. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte . . . has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. . . . It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition"); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (holding that district court did not abuse its discretion in *sua sponte* dismissing a complaint for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming a lower court's dismissal for failure to follow court orders).

In considering whether dismissal is appropriate, the district court must weigh several factors, including: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (citing *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 931 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992). The Ninth Circuit has stated that it "'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal,'" *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)), and that "'[a]lthough it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[,]'" *Yourish*, 191 F.3d at 990 (quoting *Ferdik*, 963 F.2d at 1261).

The first *Pagtalunan* factor – the public's interest in expeditious resolution of litigation – "always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). As to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642. Plaintiff's inattention to this action, and his nonresponsive behavior indicates that he does not intend to prosecute this action and that its continued presence on the court's docket will waste valuable resources. Thus, the second *Pagtalunan* factor also weighs in favor of dismissal of this action.

The third *Pagtalunan* factor considers whether "plaintiff's actions [have] impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*. Plaintiff's failure to cooperate with his counsel or to participate in discovery has impeded the forward progress of this litigation. These actions are sufficient to establish prejudice to the defendants. See, e.g., *Foster v. Jacquez*, No. CV 09-01406 JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal," citing *Yourish*); *Grubb*, 2009 WL 1357411 at *2 ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay," citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994), in turn citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). As noted, plaintiff has provided no reason or explanation for his failure to participate discovery or communicate with counsel. As a result, their inaction is impeding prompt resolution of this matter and this factor, too, weighs in favor of dismissal.

The fourth *Pagtalunan* factor, which examines the availability of less drastic alternatives also weighs in favor of dismissing this action. "There are of course a wide variety of other sanctions short of dismissal that are available. The district judge, however, need not exhaust them all before finally dismissing a case. The exercise of his discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects." *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1053-54 (9th Cir. 1971), cert. denied, 404 U.S. 1039 (1972). In this case, the court has extended the case management schedule numerous times to allow plaintiff to secure new counsel and to allow defendants to continue to attempt to conduct discovery. Each time, plaintiff has refused to cooperate. This pattern of dilatory and unreasonable conduct demonstrates that no action short of dismissal is available here.

Finally, the fifth *Pagtalunan* factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." *Id*. In spite of fact that the fifth factor weighs against dismissal, the court concludes that, on balance, the *Pagtalunan* factors favor involuntary dismissal without prejudice in this case.

## II. CONCLUSION

For the reasons stated, plaintiff's action is dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders.