**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOON CHUL YOO, an individual, on behalf of himself and similarly situated investors,<br><br>        Plaintiff-counter-defendant - Appellant,<br><br>  v.<br><br>MATTHEW ARNOLD, an individual; DARK HALL PRODUCTIONS, LLC, a California limited liability company,<br><br>        Defendants-counter-claimants - Appellees. | No. 13-55670<br><br>D.C .No. 2:09-cv-07483- MMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted May 8, 2015
Pasadena, California

Before:    TASHIMA, TALLMAN, and NGUYEN, Circuit Judges.

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Yoon Chul Yoo appeals from the district court's denial of his motion to set aside default, and its entry of default judgment against him in favor of Appellees Matthew Arnold and Dark Hall Productions, LLC ("DHP"). Specifically, Yoo argues that the district court erred in determining that the default was due to Yoo's own culpable conduct and in its award of damages upon entry of default judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

    **1.**    The district court did not abuse its discretion in denying Yoo's motion to set aside default. "A district court's denial of a motion to set aside . . . default . . . is reviewed for abuse of discretion." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011). In evaluating such a motion, "a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*") (internal quotations and alterations omitted). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

The district court denied the motion to set aside default based only on the first factor, namely, because the default was the result of Yoo's own culpable

conduct.  "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)) (alteration in original).  Put differently, conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  *TCI Grp. Life Ins. Plan*, 244 F.3d at 698.  The district court relied on a laundry list of culpable conduct, including Yoo's failure to sit for a scheduled deposition, respond to motions, pay his attorneys, address his attorneys' requests to withdraw, and respond to the district court's order to show cause why his affirmative claims should not be dismissed for failure to prosecute.

     Yoo's proffered explanations for his conduct are unavailing. Yoo suggests the district court should ignore his apparent indifference to the proceedings because he does not speak English.  However, there is no evidence in the record of Yoo's language abilities, and regardless, Yoo managed to meet with Arnold and hire several American attorneys, indicating that he has some means of communicating with English speakers.  Additionally, Yoo argues that the district court should have overlooked his missteps because he was unrepresented during most of the proceedings below.  While this court is normally especially "solicitous

towards movants . . . whose actions leading to the default were taken without the benefit of legal representation," *Mesle*, 615 F.3d at 1089, Yoo is not deserving of the court's solicitude because his lack of representation was the direct result of his culpable conduct in failing to pay his attorneys. Accordingly, the district court did not abuse its discretion in finding that Yoo's own culpable conduct led to the entry of default.

**2.** The district court correctly calculated damages upon its entry of default judgment. After an entry of default, the court accepts as true all factual allegations in the complaint, except those as to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The district court may determine the amount of damages without a hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). Here, the district court properly based its damage award on evidence in Arnold's affidavit. *Cf.* Fed. R. Civ. P. 55(b)(1) (clerk may enter default judgment "with an affidavit showing the amount due").

The district court's measure of damages was appropriate under a breach-of-contract theory of liability. Yoo, working with his daughter, Sophia, agreed to finance Arnold's production of a film titled "The Door" with a total production

budget of $4,500,000. Yoo deprived Arnold and DHP of the benefit of that bargain by dispossessing Arnold and DHP of all the promised funds. Yoo induced Arnold to return $1,761,141.82 based on false claims that the money would be returned to investors. Then Yoo caused Sophia to withdraw $1,945,000 from DHP's accounts. Finally, Yoo refused to pass along $800,000 provided by a Japanese investor. The district court properly determined that these sums were compensable under a breach of contract theory in order to put Arnold and DHP "in as good a position as [they] would have been had performance been rendered as promised." *See Richards v. Sequoia Ins. Co.*, 124 Cal. Rptr. 3d 637, 641 (Ct. App. 2011) (quoting *State v. Pac. Indem. Co.*, 75 Cal. Rptr. 2d 69, 79 (Ct. App. 1998)). Because DHP had already recovered $1,945,000 from an earlier judgment against Sophia based on the same harm, the district court correctly reduced its compensatory damage award by that amount to prevent double recovery.[1]

Because its damage award was supported by evidence and based in law, the district court did not err.

• ● •

---

[1] Because we uphold the entire amount of damages under a breach-of-contract theory, we need not determine whether the district court also correctly determined that aspects of DHP's recovery were alternatively compensable under a tort theory of liability based on fraud.

The judgment of the district court is

**AFFIRMED.**